The Court, however,
Waties, Bay, Trezevant, and Bhe. yard, Justices,
after hearing Branding for the motion, and Stark cintra, upon the authority of the cases cited from 5 Bur. 2730, 1 Ld. Raym. 182, 3 T. R. 349, and 6 T. R. 7, were fully of op.con that the judgment ought to be amended, and granted leave accordingly.
Note. — See 2 Bl. Rep. 918; Sayer’s Rep. 12; 3 Wils. 454; 5 Rep. 32; Lill. Prac. Reg. 76, 716, 70; Hob. 90; 8 Rep. 156; 1 Ventr 132; 2 Vin. Abr. 373, 367; 2 Saund 289; 5 Bur. 2730; Mod 689 ut see Off. Fx. 165, 172; Godphn. 199; Hayw. 219. The proper judgment, it is said, should be for so much to be levied de bonis testatoris, for that the law will not presume that there are no assets when admitted by the executor, until the return of the sheriff. The costs of the first judgment are to be levied de bonis propriis; because, baring assets, the executor should have paid Üi. debt without suit: and the judgment to have execution de bonis propriis for the principal, is always a subsequent judgment, founded on a sei.fa, But a set./a seems to be a useless proceedure, and can answer no end but delay; and the issuing a special fa., upon a return of nulla bona, is sanctioned by Off hxors. 167, and 5 Rep. 32. Therefore, it is presumed the former can never be required. See Hayw. 301.